UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TOLAVIUS TIMMONS, | Case No.: 2:17-cv-00361-APG-NJK |
|---|---|
| Plaintiff | **Order** |
| v. | |
| BONNIE POLLEY, et al. | |
| Defendants | |

The defendants filed a motion for summary judgment that included a request for sanctions against plaintiff Tolavius Timmons because Timmons did not appear for his deposition. ECF No. 50 at 34-35. The motion did not include a certification that the defendants in good faith conferred or attempted to confer with Timmons to address his failure to appear, as required under Federal Rule of Civil Procedure 37(d)(1)(B). That Rule states that a "motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." I therefore ordered the defendants to file a proper certification under Rule 37.

The defendants filed a certification in which they argue that Timmons' deposition was scheduled for the last day of discovery, so the dispute could not have been resolved "without court action" because the parties would have had to request an extension of the discovery deadline. The Rule requires the parties to attempt to resolve the dispute about the failure to appear at the deposition without court action. The fact that resolution of that dispute may require the parties to request the court to extend discovery deadlines does not excuse the defendants from complying with the Rule.

The defendants' certification does not establish that they conferred or attempted to confer with Timmons post-deposition to resolve that dispute without court intervention. Instead, the defendants explain their efforts to contact Timmons before the deposition and argue that given his lack of response, post-deposition efforts to resolve the issue without court intervention would have been futile. ECF No. 54. The Rule contemplates that despite a non-appearance, there will be a post-deposition attempt to resolve the dispute. The defendants' pre-deposition efforts therefore do not relieve them of their obligation to attempt to resolve the dispute post-deposition.

If the defendants want me to consider their request for sanctions, they must in good faith confer or attempt to confer with Timmons to address his failure to appear at his deposition. The defendants shall file a status report by October 22, 2020 regarding what efforts (if any) they have made to contact Timmons to resolve this issue and the results of those efforts.

I THEREFORE ORDER the defendants to file a status report by October 22, 2020. Failure to comply will result in the denial of the defendants' sanction request.

DATED this 8th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE