UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOLAVIUS TIMMONS,<br><br>　　　　Plaintiff<br><br>v.<br><br>BONNIE POLLEY, et al.,<br><br>　　　　Defendants | Case No.: 2:17-cv-00361-APG-NJK<br><br>**Order Granting Defendants' Motion for Summary Judgment**<br><br>[ECF No. 57] |

　　　　Plaintiff Tolavius Timmons brings this pro se civil rights case under 42 U.S.C. § 1983 based on events he alleges occurred while he was a pretrial detainee at the Clark County Detention Center (CCDC).  After screening, my prior order dismissing certain defendants for lack of service, and my prior order on summary judgment, Timmons' only remaining claims are for RLUIPA violations based on denial of religious services and denial of religious books. ECF No. 56.  Defendants Las Vegas Metropolitan Police Department (LVMPD), Polley, Peralta, Taylor, Cadet, Verduzco, and Sheriff Lombardo move for summary judgment on those remaining claims because Timmons failed to exhaust his administrative remedies.  They also argue the RLUIPA claims fail on the merits because, among other reasons, Timmons has not shown that LVMPD received federal funds.  Timmons did not respond to the motion.

　　　　The parties are familiar with the facts, so I will not repeat them here except where necessary to resolve the motion.  I grant the defendants' motion because Timmons did not exhaust his administrative remedies.

**I. ANALYSIS**

　　　　Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies prior to filing a lawsuit is mandatory.[1] *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). That means the inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). The inmate thus must comply "with an agency's deadlines and other critical procedural rules

---

[1] Although Timmons is no longer incarcerated, he filed the suit while he was incarcerated, so he was required to exhaust. *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009).

because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. But a prisoner exhausts his administrative remedies "despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016).

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Consequently, the defendants bear the burden of proving the inmate failed to exhaust an available administrative remedy. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc). If the defendants do so, the burden shifts to the inmate to show "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quotation omitted). The defendants bear the "ultimate burden" of proving a failure to exhaust. *Id.*

Under CCDC's grievance procedure, detainees are directed to speak first with their housing unit officer. ECF No. 50-13 at 35. The detainee may then "address each level of [the] chain of command, i.e., officer, sergeant, lieutenant, captain and deputy chief." *Id.*

The defendants have presented evidence that Timmons did not exhaust his administrative remedies with respect to these claims. *See* ECF No. 57-12. Because Timmons did not respond to the motion, he has not pointed to evidence raising a genuine dispute. I therefore grant the defendants' motion.

/ / / /

/ / / /

## II. CONCLUSION

I THEREFORE ORDER that the defendants' motion for summary judgment (**ECF No. 57**) **is GRANTED**. The clerk of court is instructed to enter judgment in favor of defendants Las Vegas Metropolitan Police Department, Polley, Peralta, Taylor, Cadet, Verduzco, and Sheriff Lombardo and against plaintiff Tolavius Timmons and to close this case.

DATED this 7th day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE